# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| NATHANIEL SEALS, ) | |
| Plaintff, ) | |
| ) | |
| vs. ) | CASE NO.:_____ |
| ) | |
| SYLACAUGA CITY SCHOOL ) | 1:19-cv-00156-ACA |
| BOARD, ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff Nathaniel Seals and files this lawsuit against the Defendant Sylacauga City School Board pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state as follows:

1. Defendant Sylacauga City School Board is a municipal corporation conducting business in the State of Alabama.

2. Plaintiff currently resides in Sylacauga Alabama .

3. At all times material to this action the plaintiff, Seals was employed by Defendant.

4. This action is brought pursuant to the FLSA , 29 USC §201 et seq. And specifically the collection action provision of the Act found at Section 216 (b) for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendant which have deprived the named Plaintiff of lawful wages.

5. This action is brought to recover unpaid compensation in the form of unpaid wages, overtime pay owed to the Plaintiff. For at least three years prior to filing this complaint, Defendant has had a policy and practice of consistently requiring its alleged managerial employees, including but not limited to Nathaniel Seals to work 50 to 60 hour per week for a salaried amount without additional overtime compensation , vacation or sick time pay. The alleged managerial duties were performed for a approximately 20-30 hours per week. The remainder of his time was spent performing non-managerial functions, including but not limited to cleaning buses, maintenance work on buses and driving school buses on school bus routes. The Plaintiff was paid a specified monthly salary. The Plaintiff was not paid any overtime compensation despite the fact that the employees were not paid any overtime compensation despite the fact that the

employees worked 20-30 hours a week over the required 40 hours and that the vast majority of his hours were spent performing non managerial job duties. The Plaintiff seeks unpaid overtime and an equal amount of liquidated damages attorney's fees and costs pursuant to 29 USC §216(b).

6. This Court has subject matter jurisdiction over this action pursuant to 28 USC §1331/ Venue is proper in the Northern District of Alabama under 28 USC §1391(b).

7. The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

8. At all times relevant to this action, Defendant was an "employer" of the named Plaintiff as defined by §203(d) of the FLSA.

9. At all times material to this action the Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

10. At all times relevant to this action, Defendant employed the Plaintiff in the capacity of Transportation Supervisor or Transportation Foreman.

11. The services performed by the Plaintiff were a necessary and integral part of and directly essential to the Defendant's business.

12. Plaintiff was required to perform both managerial and non-managerial duties without overtime compensation.

13. Defendant has intentionally failed and/or refused to pay the Plaintiff pursuant to the provisions of the FLSA.

14. The systems, practices and duties stated by the Plaintiff have existed for at least three years preceding the filing of this lawsuit.

15. The Defendant has been aware for at least three years of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with overtime compensation to conform to the duties of these employees to the

requirements of the FLSA.

16. Defendant has intentionally and repeatedly misrepresented the true status of the managerial position and its compensation to its employees as well as their entitlement to overtime compensation, vacation and sick leave.

17. As a result of the actions of Defendant in fraudulently concealing the true status of its employees when performing managerial duties under the FLSA the applicable statute of limitations governing FLSA actions at 29 USC §255 (a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above which is a period of at least ten (10) years. Defendant is stopped from raising such statute of limitations as a bar.

18. As a result of defendants violation s of the FLSA, the named Plaintiff has suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

19. In addition to the amount of unpaid wages and benefits owing to the

Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 USC §216(b) and prejudgment interest.

20. Defendant's actions in failing to compensate the Plaintiff in violation of the FLSA, were wilful.

21. Defendant has not made a good faith effort to comply with the FLSA.

22. The Plaintiff is also entitled to an award of attorneys fees pursuant to 29 USC §216(b).

**WHEREFORE PREMISES CONSIDERED,** the Plaintiff pursuant to §216(b) of the FLSA pray for the following relief:

1. The Plaintiff be awarded damages in the amount of his respective unpaid compensation and benefits plus an equal amount of liquidated damages pursuant of 29 USC § 216(b) and /or prejudgment interest;

2. Plaintiff's reasonable attorney fees including the costs and expenses

of this action;

3. Such other further and more equitable relief as including but not limited to any injunctive and or declaratory relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

CLARENCE DORTCH, III
ATTORNEY FOR PLAINTIFF
110 NORTH STREET E.
TALLADEGA, AL 35160
(256) 761-9000

## JURY DEMAND

Plaintiff demands judgment by struck jury.

CLARENCE DORTCH, III
ATTORNEY FOR PLAINTIFF