UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

NATHANIEL SEALS,  }
                  }
  Plaintiff,      }
                  }
v.                }   Case No.: 1:19-cv-156-ACA
                  }
SYLACAUGA CITY SCHOOL }
BOARD,            }
                  }
  Defendant.      }

## MEMORANDUM OPINION AND ORDER

Plaintiff Nathaniel Seals is a former employee of Defendant Sylacauga City School Board (the "Board"). Mr. Seals filed this lawsuit, alleging that the Board failed to pay him overtime wages as required under the Fair Labor Standards Act ("FLSA").

Before the court is the Board's motion to dismiss Mr. Seals's complaint. (Doc. 3). For the reasons explained below, the court **DENIES** the motion to dismiss.

**I.   BACKGROUND**

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court also

may consider documents attached to a motion to dismiss if they are central to the plaintiff's claims and the authenticity of the documents is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The Board attached to its motion to dismiss a March 7, 2016 letter from Mr. Seals to the Superintendent of the Board expressing Mr. Seals's intention to retire effective July 1, 2016 and a March 16, 2016 letter from the Superintendent approving Mr. Seals's retirement. (Doc. 3 at 8-0). The documents are central to Mr. Seals's claim, and he has not challenged their authenticity. Therefore, the court's description of the facts incorporates Mr. Seals's allegations and the content of the documents attached to the Board's motion to dismiss.

The Board employed Mr. Seals as a Transportation Supervisor or Transportation Foreman until his resignation in July 2016. (Doc. 1 at ¶ 10; Doc. 3 at 8-9). According to the complaint, Mr. Seals performed managerial and non-managerial duties without overtime compensation. (Doc. 1 at ¶ 12). Mr. Seals alleges that he performed managerial duties for approximately 20 to 30 hours per week. (Doc. 1 at ¶ 5). He spent the remainder of his time performing non-managerial duties which included cleaning, maintaining, and driving school buses. (Doc. 1 at ¶ 5).

The complaint alleges that for at least three years prior to the filing of the complaint, the Board "has had a policy and practice of consistently requiring its

2

alleged managerial employees," including Mr. Seals, "to work 50 to 60 hour[s] per week for a salaried amount without additional overtime compensation." (Doc. 1 at ¶ 5). The complaint also alleges that for at least three years, the Board has been aware of "the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with overtime compensation," and that the Board has intentionally failed or refused to pay Mr. Seals pursuant to the provisions of the FLSA. (Doc. 1 at ¶¶ 13, 15).

## II. ANALYSIS

The Board moves to dismiss Mr. Seals's complaint, arguing that the complaint is barred as a matter of law by the applicable statute of limitations.[1]

Typically, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] The Board also argues that Mr. Seals has not sufficiently pleaded fraudulent concealment, such that he is entitled to equitable tolling of the statute of limitations. (Doc. 3 at 4-6). As explained below, on the face of the complaint, Mr. Seals's claims are not barred by the statute of limitations. Therefore, the court does not address the Board's equitable tolling argument.

A statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Therefore, "[d]ismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation marks omitted).

Generally, claims seeking unpaid overtime wages under the FLSA are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). However, claims based on a willful violation of the statute are subject to a three-year statute of limitations. *Id.* Mr. Seals filed this lawsuit on January 28, 2019. (Doc. 1). Therefore, any claim based on alleged violations that accrued before January 28, 2017 is time-barred, unless the claim is based on a willful violation of the statute, in which case the claim is time-barred if it accrued before January 28, 2016. (*See* Doc. 3 at ¶ 2).

The Board appears to argue that any claim for a non-willful violation of the FLSA is automatically barred because Mr. Seals was last employed with the Board effective July 1, 2016. (Doc. 3 at 2, ¶ 2, citing Doc. 3 at 8-9). The date of an employee's termination is irrelevant to the applicable limitations period for an FLSA claim because an employer violates the FLSA "each time the [employer]

issue[s] [the] plaintiff a paycheck that fail[s] to include payment for overtime hours actually worked," and "each failure to pay overtime begins a new statute of limitations period as to that particular event." *Knight v. Columbus, Ga.*, 19 F.3d 579, 581-82 (11th Cir. 1994); *see also* 29 C.F.R. § 790.21(b) ("[A] cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends.").

If the Board failed to pay Mr. Seals for overtime hours worked during his final week of employment, the cause of action would have accrued on the date when he normally would have paid. *See Knight*, 19 F.3d at 581-82. But the record contains no information or evidence regarding the date on which Mr. Seals would have received his last paycheck. Therefore, at the motion to dismiss stage, the Board has not demonstrated as a matter of law that Mr. Seals's claim accrued before January 28, 2017.

Moreover, the court finds that the complaint alleges a plausible willful violation. To state a claim for a willful FLSA violation, a plaintiff must allege facts showing that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Mr. Seals alleges that in the three

years preceding the filing of the complaint, the Board knew that the FLSA and its regulations required the Board to pay overtime to managerial employees like Mr. Seals, but the Board intentionally failed or refused to pay Mr. Seals pursuant to the provisions of the FLSA. (Doc. 1 at ¶¶ 13-14). Contrary to the Board's argument (*see* Doc. 3 at 2-3), these allegations are not mere legal conclusions, and at the pleading stage, they provide plausible factual support for a willful FLSA violation.

Accordingly, Mr. Seals may pursue FLSA overtime claims that accrued within three years of the filing of the complaint.

## III. CONCLUSION

For the reasons stated above, the court **DENIES** the Board's motion to dismiss. **Within 30 days** of entry of this memorandum opinion and order, the parties **SHALL** confer and file a Rule 26(f) report.

**DONE** and **ORDERED** this April 11, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE