# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **NATHANIEL SEALS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:19-CV-00156-CLM |
| v. ) | |
| ) | |
| **SYLACAUGA CITY SCHOOL** ) | |
| **BOARD,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Nathaniel Seals worked as a Transportation Supervisor for the Sylacauga City School Board ("the Board") from 2013 until his retirement in 2016. Before 2013, Seals worked both as a Transportation Supervisor and a bus driver. Seals sues the Board, alleging that the Board failed to pay him overtime wages under the Fair Labor Standards Act ("FLSA").

The Board argues that it is entitled to summary judgment for three reasons. First, the statute of limitations has run on Seals' claim. Second, the FLSA exempts Seals' position from required overtime pay. And third, Seals has no evidence that would allow a juror to determine how much overtime the Board owed Seals. As explained within, the court agrees that the statute of limitations bars Seals' claim. So the Court will **grant** the Board's motion for summary judgment (doc. 16) on that ground, meaning that the court needn't address the Board's other arguments.

## STATEMENT OF THE FACTS

Seals worked for the Board as a Transportation Supervisor from 2013 until his retirement in 2016. As supervisor, Seals took on several managerial tasks, including designing bus routes, training bus drivers, and recommending personnel decisions. Seals, however, says that he also performed services typically reserved for bus drivers, including making mechanical inspections and driving buses daily. The Board denies Seals' allegation but acknowledges that Seals' responsibilities as supervisor included "troubleshooting" activities, such as filling in for absent drivers and locating unaccounted-for children. The Board also agrees that Seals performed the duties of both bus driver and Transportation Supervisor from 2007 to 2013.

From 2010 until 2013, Seals' salary was $38,816. Seals' salary increased to $40,384 in 2013 and remained there until Seals retired in 2016. Seals claims that the latter salary deviates from the State of Alabama's "recommended pay scale for transportation supervisors," which he alleges ranged from $50,908 to $87,533 during the relevant period. Central to his FLSA claim, Seals contends that during this time (from 2013 to 2016) the Board also routinely required him and other employees to work more than 40 hours per week without overtime pay.

Seals resigned from his job. Seals' last day of work was in June 2015. Seals then took a year of accumulated sick leave. So Seals' official resignation date was July 1, 2016. The Board paid Seals his regular pay, based on a daily rate, during his

year of sick leave (June 2015 to June 2016).

Seals filed this lawsuit on January 28, 2019 (doc. 1)—over three years after his last day at work but less than three years after his official retirement.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the moving party shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it is one that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In turn, to avoid summary judgment, the nonmoving party must go beyond mere allegations to offer specific facts creating a genuine issue for trial. *Id.* at 324. Moreover, the court must view all evidence and draw all inferences in the light most favorable to the nonmoving party. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir.2005). When no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## ANALYSIS

Seals "seeks unpaid overtime." Doc. 1, ¶ 5. Seals alleges that the Board "had a policy and practice of consistently requiring its alleged managerial employees, including but not limited to Nathaniel Seals, to work 50 to 60 hour[s] per week for a salaried amount without additional overtime compensation[.]" *Id.* Seals alleges that

the Board knew that working him more than 40 hours per week without paying him overtime violated the FLSA but willfully did it anyway. *Id.*, ¶¶ 13-17.

The problem for Seals is that he didn't work *any* hours for the Board after June 2015; he was on paid sick leave. So the Board could not have forced Seals to work unpaid overtime hours after June 2015. And because Seals filed his claim for unpaid overtime more than three years after June 2015—*i.e.,* the last possible date that the Board could have violated the FLSA by forcing Seals to work unpaid overtime—his claim is too late.

I.   **Applicable Law**

Congress enacted the Fair Labor Standards Act to establish "nationwide minimum wage and maximum hours standards." *Moreau v. Klevenhagen*, 508 U.S. 22, 25 (1993). The FLSA requires employers to provide overtime compensation to employees who work outside the statutory maximum number of hours per week. 29 U.S.C. §§ 206, 207.

Ordinarily, the statute of limitations in FLSA cases is two years. 29 U.S.C § 255(a). But a lawsuit arising out of a "willful" violation of the FLSA may be filed within three years after the claim(s) accrued. *Id.* A willful violation does not require an employer to know that it is violating the FLSA. *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1324 (11th Cir.2007). Rather, the employer may simply "disregard[] the possibility that it might be violating the FLSA." *Id.*

Ultimately, an employer must act recklessly–not just unreasonably–in assessing its obligations under the FLSA for the three-year statute of limitations to apply. *Id.*

## II.  Application to Undisputed Facts

For the sake of argument, the court assumes that the FLSA's three-year statute of limitations applies. That is, the court assumes (without finding) that Seals could prove that the Board willfully violated the FLSA's overtime requirements at some point. Seals must prove that willful violation occurred at some point after January 28, 2016—*i.e.,* three years before Seals filed this lawsuit.

But Seals cannot prove that he worked unpaid overtime hours after January 28, 2016 because Seals did not work *any* hours after June 2015, when Seals began his year-long stint on sick leave. Doc. 17-1, p. 93. Even if Seals were a non-exempt employee entitled to overtime pay, he can only "recover for overtime hours worked dating back to the beginning of the statute of limitations period." *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir.1994) (quoting *Hendrix v. City of Yazoo City*, 911 F.2d 1102, 1103 (5th Cir.1990)).

In his brief, Seals does not dispute that he "did not report to work and could not have worked 'overtime' hours for which he was not compensated" after he went on sick leave. Doc. 18 (undisputed fact #32). Nor does Seals tackle the merits of the Board's three-year statute of limitation argument. He instead spends his time arguing why the three-year statute applies rather than the two-year.  Doc. 19 at 4-6.

The closest Seals comes to tackling the issue is his argument that the Board paid him less than the alleged recommended pay rate for Transportation Supervisors during his year of sick leave. *Id*. But, as the Board points out, proving that the Board should have paid Seals more money for a 40-hour week does nothing to prove that the Board worked Seals more than 40 hours during those weeks. And that's the evidence that Seals' claim requires.

In short, Seals' claim is time-barred under either statute of limitation (two-year or three-year) because Seals stopped working any hours for the Board more than three years before he sued the Board. Because Seals' claim is time-barred, the court needn't address any of the Board's other arguments for summary judgment.

## CONCLUSION

For the reasons stated above, the court will enter a separate order **granting** the Board's motion for summary judgment (doc. 16) and **dismissing** this case with prejudice.

**DONE** on January 11, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE